United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HOLLOMAN CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4344 |
| | § | |
| N2 SOLUTIONS LLC, | § | |
| | § | |
| *Defendant/Third-Party Plaintiff*. | § | |
| | § | |
| v. | § | |
| | § | |
| CTL CORPORATION, | § | |
| | § | |
| *Third-Party Defendant* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are third-party defendant CTL Corporation's ("CTL") motion to dismiss under Rule 12(b)(6) and defendant/third-party plaintiff N2 Solutions LLC ("N2") motion for leave to file a second amended third-party complaint. Dkts. 39, 40. After reviewing the motions, responses, replies, and applicable law, the court is of the opinion that CTL's motion to dismiss should be GRANTED, and N2's motion for leave to file a second amended third-party complaint should be DENIED.

## I. BACKGROUND

Plaintiff Holloman Corporation ("Holloman") initially filed suit on October 1, 2019, in Texas state court against N2 for "breach of contract, negligence, and gross incompetence that caused a catastrophic overpressure failure of a natural gas pipeline." Dkt. 1, Ex. A at 2. Holloman further alleged that "N2 breached [its] commitment to safety by negligently performing nitrogen testing that ended up injuring personnel and causing significant property damage." *Id.* at 3.

N2 removed this matter to federal court on November 5, 2019, under 28 U.S.C. § 1332. Dkt. 1 at 1. Later, on June 28, 2021, N2 moved for leave to file a third-party complaint alleging a contribution claim under state law against CTL. Dkt. 24, Ex. A. at 2; *see also* Dkt. 27. On August 30, 2021, CTL filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 31. N2 responded and moved for leave to file its first amended third-party complaint. Dkts. 33, 34. The court denied CTL's motion to dismiss as moot because it granted N2's motion to file an amended complaint. Dkt. 35.

In its first amended third-party complaint, N2 renewed its contribution claim for "all or any portion of the damages asserted by Holloman regarding its negligence or gross incompetence claims." Dkt. 36 at 3. N2 alleges that a CTL employee activated the pipeline to take moisture readings within the pipe but failed to communicate as much to N2, which was in the process of purging the pipe. *Id.* at 2. As a result, N2 alleges that the CTL employee triggered an automatic valve closure sealing the pipe, causing it to explode. *Id.* at 2–3.

CTL filed its motion to dismiss under Rule 12(b)(6). Dkt. 39. N2 responded and additionally moved for leave to file a second amended complaint against CTL. Dkts. 40, 41.

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

Rule 15(a) provides that a party may amend his or her pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a responsive pleading is served, a party may amend only by "leave of court or by written consent of the adverse party." *Id.* Although leave to amend pleadings "shall be freely given when justice requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

### III. ANALYSIS

Under Chapter 33 of the Texas Civil Practice and Remedies Code, defendants have a right to seek contribution against a contribution defendant who is jointly and severally liable for

3

the plaintiff's damages.  Tex. Civ. Prac. & Rem. Code §33.015.  Chapter 33.016(a) defines a "contribution defendant" as "any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission."  *Id.* at §33.016(a).

But contribution is allowed in Texas only among joint tortfeasors.  *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).  For N2 to properly seek contribution against CTL, CTL must have some real or potential tort liability in damages to Holloman.  *See* Tex. Civ. Prac. &. Rem. Code Ann. § 33.016(a); *Shoemake v. Fogel*, 826 S.W.2d 933, 935 (Tex. 1992) (explaining that a defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought).  Therefore, N2 has only a derivative right to seek contribution from CTL.

In Texas, gross incompetence, or gross negligence, are not separate causes of action apart from negligence.  *See RLI Ins. Co. v. Union Pac. Ry. Co.*, 463 F. Supp. 2d 646, 649–50 (S.D. Tex. 2006).  "Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages."  *Id.*  "[A] plaintiff cannot recover exemplary damages," however, "until he or she proves an entitlement to actual damages."  *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721-22 (Tex. App.—San Antonio 1994, writ denied) (citing cases); *accord Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 648 (E.D. Tex. 1997) ("Recovery of actual damages in tort is necessary to pursue a gross negligence claim.").  Thus, to the extent that N2's

contribution claim is derived from a "gross incompetence" claim, it is dismissed because Texas law does not recognize a free-standing gross incompetence claim.[1]

The court now turns to Holloman's—and, by proxy, N2's—negligence claim. The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W. 3d 137, 144 (Tex. 2022); *see also Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (explaining that the basic elements of a negligence claim under Texas law are "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach."). "The threshold inquiry in a negligence case is duty," which "encompasses several questions of law: the existence, scope, and elements of a duty." *Elephant Ins. Co.*, 644 S.W. 3d at 144. But, because "the failure to perform the terms of a contract is a breach of contract, not a tort," *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996), the court must consider whether Holloman's negligence claim "is merely a repackaged breach of contract claim." *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012). To that end, the court considers whether "the injury is only economic loss to the subject of the contract itself," in addition to whether the alleged duty is imposed by law (as opposed to a duty created by contract). *Hurd*, 880 F. Supp. 2d at 763.

Holloman's allegations that N2 owed it "duties . . . in the performance of its [pipe-purging] services," Dkt. 1, Ex. 2, refer to contractual duties, not externally imposed "legal dut[ies] owed by one person to another." *See Nabors Drilling*, 288 S.W.3d at 404. Therefore, at the "threshold" stage, Holloman has failed to identify a legal duty that N2 breached, and that N2 could

---

[1] In its motion to amend, N2 clarifies that it is not "individually assert[ing] a gross incompetence claim" against CTL. Dkt. 40 at 2.

then extend to CTL. *See Elephant Ins. Co.*, 644 S.W. 3d at 144. Furthermore, the court concludes that Texas' economic loss rule bars N2's contribution claim against CTL. Holloman asserts two injuries: "at least $1,842,403.48" that N2 failed to indemnify it for following the pipe "explosion [that] caused significant property damage," and unspecified "additional damages." *See* Dkt. 1, Ex. 2 at 6. The $1,842,403.48 that Holloman seeks to recover is directly contemplated under the contract and cannot be "repackaged" under the guise of tort. *See Hurd*, 880 F. Supp. 2d at 767; *see also Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."). The remaining "additional damages" allegedly caused by the explosion are vague and unspecified. *See* Dkt. 1, Ex. 2 at 6. And, given Holloman's failure to identify a legal duty upon which to base its negligence claim, the court concludes that Holloman failed to allege that these vague and unspecified "additional damages"—whatever they may be—were "proximately caused" by its breach. *See Nabors Drilling*, 288 S.W. 3d at 404.

Holloman's defective negligence claim against N2 cannot serve as the basis of N2's contribution claim against CTL. Accordingly, CTL's motion to dismiss is GRANTED. Moreover, because the pleading defect originates from Holloman's complaint—and not N2's—amending N2's third-party complaint would be futile. *See Jacobsen*, 88 F.3d at 314–15. Accordingly, N2's motion to amend is DENIED without prejudice.[2]

---

[2]     N2 may file another complaint against CTL if Holloman amends its complaint to plead a negligence claim. The court notes for completeness that neither party moved to dismiss Holloman's negligence claim, so the court's order—though finding the claim improperly pleaded—does not reach Holloman's complaint.

## IV. CONCLUSION

For the reasons stated above:

1. CTL's motion to dismiss third-party plaintiff N2's amended third-party complaint under Rule 12(b)(6) (Dkt. 39.) is GRANTED; and

2. N2's motion for leave to file a second amended third-party complaint against CTL (Dkt. 40) is DENIED.

Signed at Houston, Texas on June 23, 2022.

Gray H. Miller
Senior United States District Judge